FILED

2017 Mar-28  PM 12:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DEANE FRANKLIN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| V. | ) | |
| | ) | CIVIL ACTION NUMBER: |
| MIDLAND FUNDING LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT

1.     This is an action brought by the Plaintiff, Deane Franklin for actual and statutory damages, attorney's fees, and costs for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").  The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3.     The Plaintiff, Deane Franklin ("Franklin" or "Plaintiff"), is a resident and

citizen of the state of Alabama, Shelby County, and is over the age of

twenty-one (21) years.

4.     The Defendant, Midland Funding LLC ("Midland"), is incorporated in

Delaware, and was, in all respects and at all times relevant herein, doing

business in Shelby County, Alabama. The Defendant is engaged in the

business of collecting consumer debts from consumers residing in Shelby

County, Alabama and is a "debt collector," as defined by the FDCPA 15

U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.     The principal purpose of Midland's business is the collection of debts.

6.     Midland regularly collects or attempts to collect debts owed or due, or

asserted to be owed or due another.

7.     Midland is a debt collector subject to the provisions of the FDCPA.

8.     The alleged debt that Midland was seeking to collect from Plaintiff was for

personal, household, or family uses.

9.     In 2015, Midland brought a lawsuit against Plaintiff in the Small Claims

Court of Shelby County, Alabama alleging it owned a delinquent account

between Plaintiff and a third-party ("the alleged Midland debt").

10.    Plaintiff denied owing the debt to Midland or the purported original creditor
       and made Defendant Midland aware of potential fraudulent activity.

11.    On October 14, 2016, the Small Claims Court held a trial and entered
       judgment in favor of Deane and against Midland.

12.    Some time after, Plaintiff attempted to obtain mortgage financing through
       Weber Mortgage.

13.    On or about February 2, 2017, Weber Mortgage accessed Plaintiff's Equifax
       credit report.

14.    On this report, Midland reported Plaintiff's purported account with a balance
       of $1739 and past due.

15.    Midland updated this incorrect trade line information even after the trial in
       which it lost and having notice thereof.

16.    As a result of the incorrect Midland information, Plaintiff was denied
       mortgage financing.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

17.    The Plaintiff adopts the averments and allegations hereinbefore as if fully set
       forth herein.

18.    The Defendant has engaged in collection in numerous activities and practices
       in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et
       seq*.

19.   As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, mental anguish and the loss of credit.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

20.   The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

21.   The Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

22.   The Defendant knew or should have known that said conduct was improper.

23.   The Defendant negligently failed to train and supervise agents and employees in order to prevent said improper conduct.

24.   The Defendant negligently failed to train and supervise agents and employees on the FDCPA.

25.   As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, mental anguish and the loss of credit.

## COUNT THREE
## RECKLESS/WANTON TRAINING AND SUPERVISION

26.   The Plaintiff adopts the averments and allegations of all the above

paragraphs hereinbefore as if fully set forth herein.

27.   The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

28.   The Defendant knew or should have known that said conduct was improper.

29.   The Defendant recklessly and wantonly failed to train and supervise agents and employees in order to prevent said improper conduct.

30.   The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA.

31.   As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, mental anguish and the loss of credit.

## COUNT FOUR
## NEGLIGENCE

32.   Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

33.   Defendant knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

34.   Defendant knew or should have known that said conduct was improper.

35.   Defendant negligently failed to prevent and/or participated in improper collection activities.

36.   As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, mental anguish and the loss of credit.

### COUNT FIVE
### RECKLESSNESS AND WANTONNESS

37.   The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

38.   Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

39.   Defendant knew or should have known that said conduct was improper.

40.   Defendant recklessly and wantonly failed to prevent and/or participated in improper collection activities.

41.   As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for physical harm, worry, anxiety, nervousness, mental anguish and the loss of credit.

### AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand a judgment against the defendant as follows:

A.   Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.   Statutory damages of $1,000 from the Defendant for the violations of the

     FDCPA (15 U.S.C.§ 1692k);

C.   Actual damages for the Defendant's violations of the FDCPA;

D.   Costs and reasonable attorney's fees from the Defendant pursuant to 15

     U.S.C.§ 1692k;

E.   Compensatory and punitive damages against the Defendant on Plaintiff's

     state law claims for damages; and,

F.   Such other and further relief that this Court deems necessary, just and

     proper.


### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY


                                        /s/ John C. Hubbard
                                        JOHN C. HUBBARD
                                        Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com